POSTON *v.* AKIN ET AL.

[No. 27,487. Filed February 13, 1941.]

*John C. McNutt,* of Martinsville; *McTurnan & Higgins, Lawrence H. Hinds* and *James P. Robinson,* all of Indianapolis; and *Howard O. Sigmond,* of Crawfordsville, for appellant.

*John C. Ruckelshaus, John K. Ruckelshaus, C. Severin Buschmann, William H. Kreig, Paul J. DeVault* and *John A. Alexander,* all of Indianapolis, for appellees.

SWAIM, C. J.—On February 11, 1937, George W. Hurd filed a complaint in the Superior Court of Marion County, Indiana, alleging that the Columbia Club Realty Company was indebted to him for past due dividends on five shares of preferred stock of said company; that said company was in imminent danger of insolvency, and praying for a judgment for the amount due and that a receiver be appointed for said defendant corporation to take charge of the property of such corporation with the usual powers and authorities conferred upon receivers. An answer in general denial was filed to this complaint by the defendant and thereupon the cause was submitted to the court on the application for the appointment of a receiver. The court having heard the evidence appointed one Ernest Park Akin as receiver in said cause, on May 24, 1937, and ordered that said receiver "take charge of the property, assets, real estate, leases, accounts, notices, bills receivable and choses in action and all property of any and every kind, character and description wherever the same may be located or found and to reduce the same to possession, . . . and that he operate, manage and conduct the said business heretofore conducted and carried on by said defendant corporation and report his proceedings to this court."

By the same order the court fixed the amount of the receiver's bond and appointed certain persons as a Preferred Stockholders' Protective Committee. Thereupon said Akin qualified and entered upon his duties as such receiver.

From the date of the appointment of the receiver up to the present it seems that the Preferred Stockholders' Protective Committee and others interested in the affairs of said company have not been able to agree

upon any plan of reorganization; that there have been numerous hearings on such plans and numerous proceedings in court with reference to various matters in connection with said receivership.

Prior to May 18, 1938, some of the preferred stockholders of said company filed a petition in the receivership asking for the removal of said Akin as receiver of said company on the ground that at the time of his appointment he had an interest both in the Columbia Club and in the Columbia Club Realty Company.

On October 7, 1940, the appellant, Irvin G. Poston, a preferred stockholder of said Realty Company, filed his intervening petition in the receivership proceeding asking for the removal of Akin as receiver and the appointment of another receiver, who would be "free from bias, interest, connection, relation, influence or possibility of influence or control in, with, to or by the Columbia Club or its directors or officers" and that such substitute receiver be instructed to employ and accept advice only from attorneys who have no employment, connection or relation to said Club.

The petition recited facts showing the interest of the petitioner as a preferred stockholder and the total amount of such preferred stock outstanding. The petition described the clubhouse property owned by the Realty Company in Indianapolis, Indiana, and the occupancy of said property by the Columbia Club under a lease from said Realty Company. The petition alleged that said Club, at the time of said receiver's appointment, was indebted to the Realty Company on said lease in a large amount, which amount during the period of the receivership had increased to more than $600,000; that, in 1936, the holders of approximately 90% of the preferered stock consented to the extension of the maturity dates of said preferred stock and the

Club instituted a program for the reorganization of the Realty Company, which plan provided for the waiver of all back rent and the execution of a new lease at a reduced rental; that at the time such reorganization was proposed the said Akin was corporate secretary of both the Club and the Realty Company and was also general manager of the Club; that after his appointment as receiver he resigned as secretary of the Realty Company but retained his positions with the Club; that said Club appointed committees and devised a program for reorganization, based in part, at least, on the theory that the Club was unable to pay substantial rent and that the past due rent should be waived; that said Club program was opposed by some of the preferred stockholders and thereupon said Club caused Hurd, the plaintiff herein, to be furnished with preferred stock of the Realty Company in order to qualify him to bring the original suit herein, caused such suit to then be filed, caused said Akin to offer to serve as receiver without pay, caused his appointment to be recommended and obtained his appointment; that for the next four years said Club prosecuted its program and presented repeated and numerous plans and lease proposals and instituted numerous legal proceedings to give effect to such plans; that the Hamilton Circuit Court held the program, presented by the last of such proceedings, inequitable and enjoined the petitioners therein from bringing further proceedings of like kind; that the receiver is recommending the Club program and in the Hamilton Circuit Court advocated the waiver of the back rent although the Club had a cash surplus of $110,000 in the bank; that the Receiver has at all times known the purposes of the Club and as general manager has had charge of the receipts and disbursements and books, records, and audits of the Club; that the

receiver knew the true financial condition of the Club; that although knowing of the Club's ability to pay, the receiver failed and refused to demand or sue for payment of rent by the Club and failed to report the facts to the receivership court; that said receiver, knowing the facts, continued to retain for advice and counsel, attorneys, one of whom was a director and officer of the Club; that preferred stockholders of the Realty Company, on August 30, 1940, demanded of the receiver that he collect rent and, if necessary, sue for such purpose and that he employ independent and unbiased counsel; that said receiver has permitted said property to waste, depreciate and be damaged, has aided the effort of the Club to terminate the old lease and to waive the claim of the Realty Company to back rent and has "substantially caused, aided or induced long litigation to effect the purpose of the Club with which he was in harmony"; that said receiver is controlled by the Club and by the Club's counsel and by others whose interests are adverse to the trust estate; that there is immediate need for the collection of said Realty Company's accounts, for the protection of said real property from waste and loss, for securing a new and satisfactory tenant, for a receiver free from influence by or obligation to the Club; that the officers and directors of said Realty Company are not in a position to enforce the Realty Company's rights; that for the most part they are also officers and directors of the Club and have abandoned their fiduciary obligation to the Realty Company and served the Club's desires; and that the receiver as an officer of the Realty Company prior to the receivership shares legal responsibility with the other directors and officers of said Realty Company for maladministration, the right to recover

for which is a valuable asset of the receivership, which the receiver is not in a position to enforce.

Thereafter the petition, being at issue and the court having heard evidence thereon and argument of counsel, was denied. From the order denying said petition the appellant prosecutes this appeal assigning as alleged errors: (1) overruling the motion for a new trial; (2) denying the petition for the removal of the receiver, alleged to be erroneous on the grounds that such order was, (a) contrary to law, and (b) not sustained by sufficient evidence; and (3) refusing to admit certain evidence offered by the appellant.

It is to be noted that the appellant's petition does not question the need of a receiver for said Realty Company but only questions the appointment of the particular person who was appointed, on the ground of his interest in and relationship to the Club which is the principal debtor of the Realty Company. While some of the actions of the receiver subsequent to his appointment are questioned, all of such questioned actions are alleged to have been motivated by his relationship with the Club and its officers and directors. The record shows that the appellant has been a stockholder of the Realty Company for many years and undoubtedly was familiar with the relations between the receiver and the Club and the Realty Company at the time of his appointment. It is also shown that the appellant has participated in the numerous proceedings in connection with the receivership and the proposed plans of reorganization during the past three years. We are, therefore, not presented with the question of an interested party intervening and questioning the appointment of a receiver at the earliest opportunity after learning of the appointment. Instead we have the question of whether a party, after having participated

in the various proceedings in connection with the receivership for three years with full knowledge of the interest of the receiver, and who then petitions for the removal of the receiver because of such interest, may prosecute an independent appeal from an adverse ruling on such petition.

The appellee, Akin, as receiver of the Realty Company has filed his motion to dismiss this appeal on the grounds that: (1) the order denying the petition to remove the receiver and appoint another is not appealable; (2) the assignments herein present no appealable question; and (3) the transcript and briefs filed by the appellant are not in substantial compliance with the rules of this court.

The appellant insists that the order in question is appealable either as a final judgment under § 2-3201, Burns' 1933, § 471, Baldwin's 1934, or under § 3-2603, Burns' 1933, § 1157, Baldwin's 1934, which provides for an appeal in ten days in cases in which a receiver is appointed or refused. The appellant insists that where a receivership is not subordinate to or in aid of another action the appointment of a receiver amounts to a final judgment. In support of this contention the appellant cites the case of *Farmers Deposit Bank* v. *State ex rel. Symons* (1928), 201 Ind. 117, 166 N. E. 285, a case where a receiver was appointed for a bank under a special statutory proceeding. He also cites the case of *Hay* v. *McDaneld* (1901), 156 Ind. 390, 59 N. E. 1064, where a receiver was appointed as a part of the final decree in the case, such appointment not having been prayed for nor made *pendente lite*. In the case of *Buchanan* v. *The Berkshire Life Insurance Co.* (1884), 96 Ind. 510, also cited by the appellant on this point, this court held that the question of the appointment of a receiver could be considered as a part of the appeal

of the main case and that the statute did not require a separate appeal within ten days on the question of the appointment of the receiver. None of these cases sustains the appellant's contention that the order appointing a receiver in this case amounts to a final judgment.

In the present case the original complaint sought a judgment against the Realty Company in the amount of $500.00 and ancillary thereto prayed that a receiver be appointed for such corporation. In such a case it cannot be seriously questioned that the order appointing the receiver is an interlocutory order. *Wood* v. *Brewer* (1857), 9 Ind. 86; *The State* v. *Union National Bank* (1896), 145 Ind. 537, 548, 549, 44 N. E. 585; *Parfenoff* v. *Kozlowski* (1941), *post* p. 154, 31 N. E. (2d) 206.

Even if it were possible to say that the original appointment of a receiver in this case was a final order, an order denying a petition which sought only to change the personnel of the receiver could be only an interlocutory order in the receivership proceedings.

The appellant tacitly recognized that the order from which he seeks to appeal is an interlocutory order by bringing this appeal to this court rather than to the Appellate Court and by filing his briefs within the time prescribed by our rules for filing briefs in appeals from interlocutory orders.

The appellant's briefs do not contend that the provisions of the general statute on appeals from interlocutory orders (§ 2-3218, Burns' 1933, § 490, Baldwin's 1934) provide for an appeal from an interlocutory order such as the one here in question but do insist that § 3-2603, Burns' 1933, § 1157, Baldwin's 1934, applies to all orders in receivership proceedings. The statute provides that:

> "In all cases hereafter commenced or now pending in any of the courts of this state, in which a receiver may be appointed or refused, the party *aggrieved* may, within ten (10) days *thereafter,* appeal from the decision of the court to the Supreme Court, without awaiting the final determination of such case; and in case where a receiver shall be or has been appointed, upon the appellant filing an appeal-bond with sufficient surety, in such sum as may have been required of such receiver, conditioned for the due prosecution of such appeal, and the payment of all costs or damages that may accrue to any officer or person by reason thereof, the authority of such receiver shall be suspended until the final determination of such appeal." (Our italics.)

It seems clear that "thereafter" refers back to the appointment or refusal to appoint a receiver and that the "party aggrieved" is the party aggrieved by such appointment or refusal to appoint.

The last provision of the statute providing for the suspension of the authority of the receiver until the determination of the appeal upon the appellant filing an appeal bond, could only be intended to apply to appeals from orders relating to the appointment of a receiver and not from all orders in receivership proceedings.

The general statute on appeals from interlocutory orders (§ 2-3218, Burns' 1933, § 490, Baldwin's 1934) provides for appeals from interlocutory orders "granting, or refusing to grant, or *dissolving or overruling motions to dissolve* temporary injunctions." If the Legislature had intended to grant appeals from orders refusing to remove receivers similar language could have and should have been used.

Appellant points out that the statute does not expressly exclude appeals from orders for the removal of

receivers. In order to have the right to appeal ■ from such orders, however, it is not sufficient that the act did not exclude them, it is necessary that the act include them.

The appellant has cited three Indiana cases in support of his contention that our laws permit an appeal from an order denying the petition for the removal of a receiver. In the case of *Vorhees* v. *The Indianapolis Car and Mfg. Co.* (1895), 140 Ind. 220, 240, 39 N. E. 738, the court held that a refusal to allow a person petitioning to be made a party to a pending suit is a final judgment from which an appeal lies. In the course of the opinion the court stated that an interested party in a receivership may ask for the removal of a receiver and that "on the refusal of the court to take such action as will secure and protect all concerned, there would be ground for complaint in an appellate tribunal." The court did not say, however, that a separate appeal would lie from such order refusing to remove a receiver.

In the case of *Buchanan* v. *The Berkshire Life Ins. Co.*, *supra*, it was held that the ruling of the court in the appointment of a receiver could, on proper assignment, be considered by this court on the appeal of the final judgment in the main case. The decision does not indicate that a separate appeal of the order appointing the receiver could be brought to this court except by complying with § 3-2603, § 1157, *supra*. In *State* v. *Union*, *supra*, an intervening party at the first opportunity petitioned the trial court to set aside the order appointing a receiver and on the petition being refused the petitioner was granted an appeal by this court on the theory that the appeal was "practically, from the action of the court in the appointment of a receiver"

and "was taken in substantial compliance with the provisions of this statute." § 3-2603, § 1157, *supra.*

In the instant case, since the appellant has been a party to the various receivership proceedings during the period of the last three years it cannot be said that his petition for the removal of the receiver amounts to an appeal from the original order appointing the receiver and was in substantial compliance with the requirements of the statute providing for an appeal from the original order of appointment.

We are unable to find any statute or authority authorizing an appeal from the order here in question. It is, therefore, unnecessary to decide the other reasons presented for the dismissal of the appeal.

The appeal is dismissed.

Richman, J., not participating.

NOTE.—Reported in 31 N. E. (2d) 638.