1 So.2d 596

**PARKER v. FARISH, Superintendent of Banks.**

**4 Div. 206.**

Supreme Court of Alabama.

April 10, 1941.

Mulkey & Mulkey, of Geneva, for appellant.

D. M. Powell, of Greenville, B. W. Smith, of Samson, and Powell, Albritton & Albritton, of Andalusia, for appellee.

FOSTER, Justice.

A receiver was appointed in this case, and the decree to that extent was affirmed on appeal. Parker v. Williams, 231 Ala. 569, 165 So. 848. Thereafter, appellee, or her predecessor in office,—and we will refer to them respectively as appellee without noting a change in the officeholder,—presented to the court her petition seeking the removal of the receiver because he had failed to discharge his duties. There was a hearing on this petition with notice to appellant, who appeared and resisted it in law and fact. There was no notice given to the receiver himself, and the record does not show his appearance on the hearing. The court granted the petition and appointed Roach to act as receiver in place of Johnson first appointed, who, the court declared had removed from the State. Roach was required to make bond as such,

and Johnson required to file his accounts and vouchers for settlement. Notice by publication to Johnson of this decree was ordered and published.

Roach failed to qualify, and appellee filed a petition to set aside his appointment and for a decree appointing another to discharge the duties which had been imposed on the receiver theretofore appointed. There was no notice given of the hearing of such petition, either to appellant or to Roach, so far as the record shows, and they did not appear, although the petition was filed March 19, 1940, and acted on May 4, 1940. The court on said May 4, 1940, appointed another to take over the receivership.

On May 30, 1940, appellant petitioned the register to fix a supersedeas appeal bond, which he fixed at $500. On May 31, 1940, appellant filed a supersedeas bond, executed by him and two sureties. There is no record of its approval, but only of its filing. See Morgan v. Morgan, 211 Ala. 7, 11, 99 So. 185; Thompson v. Menefee, 218 Ala. 332, 118 So. 587. On June 3, 1940, the receiver last named filed his bond, and it was approved. On January 12, 1941, the said named receiver filed a petition seeking to have said attempted appeal set aside as being unauthorized, and to have appellant deliver possession of the property described in the order appointing the receiver to him. The court set down the petition for hearing and ordered notice to appellant. He appeared and demurred to the petition. The court on February 20, 1941, made and entered an order and decree sustaining the demurrer to the petition, and ordering the register to prepare the transcript for appeal. Thereupon citation on appeal was issued and served March 5, 1941. Appellant filed the transcript on March 25th, and the cause was submitted March 27th.

Appellant makes one assignment of error, that of the decree of May 4, 1940, appointing M. L. Strickland to the office of receiver, having removed Johnson and Roach, respectively. In the alternative, he seeks to review that decree by mandamus, in the event it will not support an appeal.

Appellee has moved to dismiss the appeal on the ground that the decree is not such as will support an appeal, and because of delay in filing the transcript and giving citation of appeal, and because no certificate of appeal was filed as required by law, and because the appeal bond was never approved by the register. He also moves to strike and dismiss the application for mandamus because it was unduly delayed, and because it is not appropriate and will not lie to vacate the decree.

Will the Decree Support an Appeal?

Section 6082, Code, provides for an appeal from an order of the circuit judge appointing or refusing to appoint a receiver. Section 10123, Code, provides that receivers may be removed at the pleasure of the court by which they were appointed; and if he is removed, or declines to act, or dies, the court may fill the vacancy.

A receiver was duly appointed and his appointment affirmed, though he never acted as such. But that circumstance did not affect the legal determination and adjudication which inhered into his appointment. It was an appealable decree though conditioned on his executing bond, and though the appeal was taken and acted on before such bond was made. Strother v. McCord, 222 Ala. 450, 132 So. 717.

An appeal was taken and the decree was affirmed. The office of receiver was thereby made effectual in this cause to continue until it might be vacated, and the receivership discharged. "A discharge is granted when there is no further use for the office of a receiver. A removal of a receiver affects only the person. The necessity for a receiver, and his duties, continue. The one removed is succeeded by another." Mercantile Trust & Deposit Co. v. Florence Water Co., 111 Ala. 119, 124, 19 So. 17, 18; Pagett v. Brooks, 140 Ala. 257, 260, 37 So. 263. There cannot be more than one receivership at the same time over the same property. Strother v. McCord, supra; Mercantile Trust & Deposit Co. v. Florence Water Co., supra.

The appeal authorized by section 6082, Code, is from a decree in which the creation of the office of receiver is made designating some one to act as such, or it is denied. Section 10123, Code, has reference not to the creation of such an office and designation of the person to fill it, but assuming that to have been done, the court is given express authority to name and remove at pleasure the person who shall perform its duties. There is no provision of law for an appeal from an exercise of the power conferred by that statute.

An appeal is purely statutory and not available otherwise. Since there is no statute which permits an appeal from an order removing a receiver and filling the vacancy, no such right exists and the appeal must be dismissed. Pagett v. Brooks, supra, 140 Ala. page 261, 37 So. 263. The other grounds of the motion to dismiss the appeal need not be considered.

Will Mandamus Lie?

But appellant is not without his remedy to review the legality and validity of any act which the court may take under section 10123, supra. This may be done by mandamus in respect to an order pending procedure in a cause not appealable but which in the interest of justice should be reviewed before a final judgment, to be exercised on established principles. Ex parte Fletcher, 225 Ala. 139, 142 So. 30; Ex parte Taylor, 236 Ala. 219, 181 So. 760; Ex parte Pollard, 233 Ala. 335, 171 So. 628; DeMoville v. Merchants & Farmers Bank, 237 Ala. 347, 186 So. 704.

We think the petition here for mandamus is available to review the act of the court in removing the receiver and filling the vacancy by order and decree of May 4, 1940, to the extent that it may have been done in an illegal exercise of such power, but not to review the discretionary power there conferred. The delay in presenting the matter to this Court is sufficiently explained by the record. There is no hard and fast rule fixing the time in which it should be undertaken. The motion to dismiss the petition for mandamus is overruled.

Should Mandamus Issue as Prayed for?

We have observed that section 10123, supra, confers on the court the power to remove at pleasure a receiver appointed by that court and to fill the vacancy. In general, when the court does not have such broad powers, there should be some good ground, such as misconduct, mismanagement, contumacy or contempt, or failure to exercise ordinary diligence, unfitness, partiality or bias. Under such a claim of cause for removal, notice and a hearing should be given to the parties and to the receiver himself. 53 Corpus Juris 92, sections 113, 114.

The generally accepted view, approved by this Court, is that when the power to remove an officer is for cause, there must be notice and a hearing and evidence taken and acted on. State ex rel. McIntyre v. McEachern, 231 Ala. 609, 166 So. 36; Batson v. State, 206 Ala. 317, 89 So. 500.

But the rule is also well settled in this State that when a statute validly authorizes the tribunal which appoints an officer without a fixed term to remove him at its discretion, with or without cause, makes it thereby the sole judge of the need or propriety of doing so, and notice of such intention is not necessary to the officer, (nor to others interested, we may add). Touart v. State ex rel. Callaghan, 173 Ala. 453, 466, 56 So. 211.

The statute here in question, cited above, does not limit the court to a consideration of those grounds which would otherwise constitute its authority to remove a receiver, but, by express and clear provision, authorizes it to be done at the pleasure of the court which appointed him. We will not stop to inquire whether, and to what extent, a capricious and arbitrary exercise of the power would have, or one done in more explicit bad faith, though the power may be discretionary (see, 53 Corpus Juris 91, subhead Discretion of Court, in section 112) nor how such a claim could be reviewed. No such claim is here made.

The removal of Johnson, the first one appointed, was done on the petition of appellee, on notice to appellant and his appearance and contest. No notice was given Johnson, presumably because he had removed from the State, as the court found and recited in the decree removing him. In that same decree, dated November 17, 1939, he filled the vacancy by appointing Roach.

On March 19, 1940, appellee filed a petition alleging that Roach had failed and declined to qualify as such receiver and had not entered upon the discharge of its duties, and prayed that his appointment be vacated and that another suitable person be appointed to fill the vacancy. There was no notice given of this petition, and it was acted on May 4, 1940, by decree which appellant here seeks to review by mandamus. He contends that the order removing Johnson was without notice to him and therefore void, and caused no vacancy to be filled either on November 17, 1939 or on May 4, 1940.

Johnson himself is making no such claim. Appellant contested on that hearing, and cannot collaterally attack the order for want of notice to Johnson. Moreover, the removal of Johnson is not claimed to have been an arbitrary, caprici-

**132**

ous or covinous exercise by the court of its power. Therefore the attack on the decree of May 4, 1940, because the order removing Johnson was void, is not well grounded. And, therefore, there being a vacancy the court had the right to appoint Roach. And the court without notice to Roach and without notice to appellant had the right, by express authority of the statute, to vacate his appointment because he did not qualify as required in the order appointing him. That left the office vacant, and the court had the legal right and authority to fill it by appointing Strickland on May 4, 1940.

We forego a consideration of the argument by appellee that to support a petition for mandamus to this Court the trial court should have declined on motion to vacate its order. Ex parte Edwards, 123 Ala. 102, 26 So. 643; Hill v. Tarver, 130 Ala. 592, 30 So. 499; Ex parte Bozeman, 213 Ala. 223, 104 So. 402.

The petition for mandamus is denied.

Since the submission of this cause, appellee has addressed a petition to this Court praying that upon denial of relief on the appeal and petition for mandamus, we order and require appellant to surrender possession of the property, the subject matter of the receivership, to Strickland for its preservation and the due administration of the receivership.

We cannot treat this as formally invoking the powers of this Court in this proceeding. It should have been presented and heard on the submission. We will treat it however as informally invoking the inherent power of the Court thus to act ex mero motu. But the court in appointing the receiver and in filling the vacancy has made full and complete orders and direction in this respect, and has ample power to enforce it. Further orders by this Court in that respect would serve no useful purpose.

While the trial court denied the petition of Strickland as receiver to have the receivership enforced, it was apparently upon the assumption that the filing of a supersedeas appeal bond suspended the appointment and power of the receiver under it. But such was an erroneous interpretation of the statute in our opinion. And with that assurance, we assume that the trial court will not hesitate to enforce its order or make another as the exigencies may require.

Motion to dismiss the appeal is granted and appeal dismissed. Motion to dismiss the petition for mandamus is overruled. The petition for mandamus is denied.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.