[Civ. No. 18992.   Second Dist., Div. Three.   Aug. 7, 1952.]

A. WILSON et al., Plaintiffs and Respondents, v. MYRTLE F. DAY, Appellant; R. E. ALLEN, Receiver and Respondent.

Myrtle F. Day, in pro. per., for Appellant.

Kenny & Morris for Receiver and Respondent.

SHINN, P. J.—Appellant, Myrtle F. Day, was a defendant in an action involving real property.  She filed a cross-complaint alleging grounds for the appointment of a receiver, and upon her application respondent R. E. Allen was appointed receiver and thereafter duly qualified and acted as such.  His first account and report as receiver was filed and approved.   Thereafter, appellant Day, with court permission, sued Allen and others in the United States District Court for damages claimed to have arisen in part through the failure of Allen to perform his duties as receiver.   Allen employed attorneys to represent him in the action and it was eventually dismissed by the court.  In his next account and report Allen asked for an allowance of attorney's fees in the sum of $250 for defense of the action in the federal court. His account and application for attorney's fees were approved.  Myrtle F. Day gave notice of appeal from the order and contends that attorney's fees for services rendered to Allen individually were improperly allowed.  Respondent Allen makes the point that the order is not appealable.  No judgment has been rendered in the principal action, nor has any final account of Allen been presented.

An interim order approving an account of receiver is not appealable.  (*Rochat* v. *Gee*, 91 Cal. 355 [27 P. 670];

*Illinois Trust & Sav. Bk.* v. *Pacific R. Co.,* 99 Cal. 407 [33 P. 1132]; *Title Ins. & Trust Co.* v. *California Dev. Co.,* 159 Cal. 484 [114 P. 838]; *Free Gold Mining Co.* v. *Spiers,* 135 Cal. 130 [67 P. 61].)

The appeal is dismissed.

Wood (Parker), J., and Vallée, J., concurred.