[L. A. No. 27695.   In Bank.   July 7, 1964.]

SELMA RAFF, Plaintiff and Respondent, v. BENJAMIN
H. RAFF, Defendant and Appellant; SAMUEL BROD-
SKY, as Receiver, etc., Petitioner and Respondent.

G. G. Baumen for Defendant and Appellant.

Irwin H. Sandler for Plaintiff and Respondent.

Lawrence Norman and Robert Haves for Petitioner and Respondent.

McCOMB, J.—On June 10, 1963, the trial court issued an interlocutory judgment of divorce declaring that plaintiff and defendant were each entitled to a divorce.

Defendant was ordered to pay ''forthwith'' to plaintiff's attorneys additional fees of $5,000 and to pay directly to plaintiff alimony of $150 per month.

The court ruled that certain property, including four par-

cels of real estate, was community property and gave plaintiff and defendant 60 days from April 19, 1963, to make a settlement dividing this property.*

It further ordered that in the event no settlement was made, a receiver was to be appointed to sell the property for cash and to distribute the proceeds equally between plaintiff and defendant after the receiver's fees and expenses were paid.

On June 28, 1963, no settlement having been made, the court appointed a receiver and ordered him to take possession of all the community property and to retain it pending further order of the court.

The receiver also was ordered to collect rents from, and pay encumbrances and expenses on, the real property; to accumulate such reserve as he deemed necessary and then pay alimony of $150 per month to plaintiff and a fee of $5,000 to her attorneys; and to undertake to sell the property, subject to the court's approval. The court reserved the right to make further orders to the receiver on the disposition of funds by him. Neither party appealed from this order.

September 27, 1963, the receiver petitioned the court for instructions to sell three parcels of the real property but to postpone sale of the fourth parcel until certain disputes regarding it were settled.

October 8, 1963, defendant filed notice of a motion to remove and replace the receiver, on the grounds that he was not acting impartially but had assumed an adverse position favoring plaintiff, that he was incurring unnecessary expenses and fees, and that he was not confining his conduct to the bounds of his limited purpose, which was to carry into effect the interlocutory judgment.

At the same time, defendant filed objections to the receiver's petition for instructions, contending that under the interlocutory judgment the receiver was to proceed to sell all four parcels of real estate and that the alleged dispute as to the fourth parcel did not prevent its sale.

October 17, 1963, the trial court issued a minute order denying defendant's motion to remove the receiver, granting the receiver's petition to postpone sale of the fourth parcel,

---

*Although the interlocutory judgment was not filed until June 10, 1963, the matter was tried on April 15, 16, 17, and 18, 1963, and in a memorandum opinion of the trial court, dated April 19, 1963, the parties were given 60 days to effect a property settlement.

and authorizing the receiver to make any payments due, in his discretion.

Defendant filed a notice of appeal from the October 17 order, and the receiver has made a motion to dismiss this appeal.

November 14, 1963, the receiver petitioned the trial court for further instructions regarding the disposition of the property.

November 20, 1963, the receiver filed his first account and report, petitioned for settlement, petitioned for fees for himself and his attorney, and petitioned for employment of additional counsel in connection with defendant's appeal heretofore mentioned.

November 21, 1963, defendant filed a response to the receiver's petition for further instructions, contending that the sole purpose of the receivership was to carry the interlocutory judgment into effect, under section 564, subdivision 3, of the Code of Civil Procedure, and that this entailed no more than selling the property and distributing the proceeds.

December 4, 1963, defendant filed an objection to the receiver's filing an account before the purpose of the receivership was fulfilled, objected to the account and report as involving unnecessary and excessive expenses, and objected to the employment of additional counsel as being unwarranted.

December 5, 1963, the trial court issued a minute order awarding plaintiff attorney's fees of $2,500, plus $500 costs, payable from defendant's share of the property; granting the receiver's petition for further instructions and instructing him with respect to making payments; overruling defendant's objections and approving the account and report of the receiver; awarding $7,500 fees to the receiver and $7,500 fees to the receiver's attorney; and granting the receiver's motion to employ additional counsel.

Defendant filed a notice of appeal from the December 5 order, and the receiver has made a motion to dismiss the appeal.

■ *Questions*: First. *Is the order of October 17 authorizing the receiver to make payments in his discretion appealable?*

*Yes.* ■ To be appealable, an order made after final judgment under section 963, subdivision 2, of the Code of Civil Procedure must affect the judgment in some manner or bear some relation to it either by way of enforcing it or

staying its execution. (*Lake* v. *Harris*, 198 Cal. 85, 89 [3] [243 P. 417] ; *Mendelsohn* v. *Miller*, 152 Cal.App.2d 281, 283 [1] et seq. [313 P.2d 109].)

The present order, giving the receiver discretion in payment of funds, must be viewed as either enforcing or staying the judgment. If it be assumed that the order was ''consistent'' with the interlocutory judgment as modified by the order appointing the receiver, its effect was directly to enforce such modified judgment. On the other hand, if the view is accepted that the order appointing the receiver did not, or could not, modify the interlocutory judgment, then the appealed order stayed execution of the judgment, which apparently called for an immediate distribution of funds.

Second. *Is the order of October 17, denying defendant's motion to remove and replace the receiver, appealable?*

*Yes.* An order appointing a receiver is an appealable order (Code Civ. Proc., § 963, subd. 2), and an order denying a motion to set aside an appealable order is ordinarily not appealable. (*Nuckolls* v. *Bank of California*, 10 Cal.2d 266, 270 [1] [74 P.2d 264, 114 A.L.R. 708] ; *Bell* v. *Solomons*, 162 Cal. 105, 109 [121 P. 377].) In the present case, no appeal was taken from the order appointing the receiver; and if defendant's motion had been limited to seeking vacation of that order, the order denying his motion would not be appealable. (*Title Ins. & Trust Co.* v. *California Dev. Co.*, 159 Cal. 484, 487 [114 P. 838].)

Defendant, however, did not seek to have the order appointing the receiver set aside. Rather, he sought replacement of the receiver appointed in that order, contending that the receiver was conducting himself outside the bounds of his limited purpose. (Cf. *Estate of Gilmaker*, 57 Cal.2d 627, 629 et seq. [21 Cal.Rptr. 585, 371 P.2d 321].) Thus, he was not calling upon the court merely to repeat or overrule its prior decision on the same facts. (Cf. *Spellens* v. *Spellens*, 49 Cal. 2d 210, 228 [11] [317 P.2d 613].)

The receiver was appointed under section 564, subdivision 3, of the Code of Civil Procedure, to carry the interlocutory judgment into effect. Since the denial of defendant's motion constituted, in effect, an order that the receiver continue to serve as such and follow the directions issued to him by the court, it necessarily affected enforcement of the interlocutory judgment, and, under section 963, subdivision 2, of the Code of Civil Procedure, is an appealable order.

Third. *Is the order of December 5, (a) instructing the*

receiver, *(b) approving his interim report and account, (c) fixing fees for the receiver and his attorney, and (d) approving employment of additional counsel for the receiver, appealable?*

■ (a) Under the rules hereinabove stated, such order is appealable as a special order made after judgment as far as the provisions of (a) are concerned, since instructions to the receiver with respect to making payments would affect enforcement of the interlocutory judgment.

■ (b) If an order approving the account of a receiver shows on its face that the account is not final and that the receiver is to continue to hold the assets and act as receiver under orders of the court, it is not an appealable order. (*Rochat* v. *Gee,* 91 Cal. 355, 357 [27 P. 670]; *Wilson* v. *Day,* 112 Cal.App.2d 598 [246 P.2d 996].) Therefore, the order is not appealable with respect to the provisions of (b).

■ (c) If an order made after final judgment fixes attorney's fees and requires them to be paid, it is appealable. (*Fulton* v. *Fulton,* 220 Cal. 726, 728 [5] et seq. [32 P.2d 634]; *Whitney* v. *Whitney,* 164 Cal.App.2d 577, 586 [330 P.2d 947] [hearing denied by the Supreme Court].)

■ In the present case, the order merely fixed the fees of the receiver and his attorney without specifically directing the payment thereof; but the order of October 17, authorizing the receiver to make payments due in his discretion, was in effect, and consequently payment could properly have been made by the receiver. Hence, the order is appealable with respect to the provisions of (c).

■ (d) Whether the legal services required on behalf of the receiver with respect to the appeal filed by defendant are performed by counsel originally employed, with court approval, to represent the receiver or by other competent counsel whose employment was subsequently approved by the court is not a matter affecting enforcement of the interlocutory judgment. Accordingly, the order, insofar as it approves employment of additional counsel, is not appealable.

The motion to dismiss the appeal from the order of October 17, authorizing the receiver to make payments in his discretion and denying defendant's motion to remove and replace the receiver and the motion to dismiss the appeal from the order of December 5, instructing the receiver and fixing fees for the receiver and his attorney, are denied. The motion to dismiss the appeal from the order of December 5, approving

the interim report and account of the receiver and the employment of additional counsel, is granted.

Each side to bear his own costs as to the dismissed appeal. The costs on the remaining appeals to be determined on their final adjudication.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., Tobriner, J., and Peek, J., concurred.