Opinion
 

 HAERLE, J.
 

 I. Introduction
 

 This is an appeal from an order appointing a successor receiver to bring property owned by appellants into compliance with the San Francisco Municipal Code. Appellants appealed the original order appointing a receiver and this court upheld the same in an earlier decision. Appellants now renew their challenge upon the original receiver’s resignation and trial court’s order appointing his successor.
 

 II. Factual and Procedural Background
 

 From 1985 to 1992 the City and County of San Francisco (City) struggled to have appellants Rose Shers and her son Perry Shers (referred to collectively as the Shers) rectify 54 municipal code violations on their property at 511 Leavenworth Street. On January 10, 1992, after three judgments ordering compliance, fifty contempt hearings for noncompliance, and six findings of contempt resulting in fines and incarceration, the superior court granted the City’s motion to appoint Richard Riley (Riley) as receiver to complete the necessary work.
 

 
 *1834
 
 On May 20, 1992, the Shers appealed the order under Code of Civil Procedure section 904.1, subdivision (a)(7).
 
 [1]
 
 On November 18, 1992, after the Shers filed an undertaking pursuant to section 917.5, the trial court stayed the receivership pending the appeal.
 

 On June 16, 1993, this court, in an unpublished opinion, affirmed the order appointing the receiver.
 
 (City and County of San Francisco
 
 v.
 
 Shers
 
 (June 16, 1993) A057755 [nonpub. opn.].)
 

 At a September 9, 1993, hearing, Riley’s attorney informed the court that Riley intended to resign as receiver. The City advised the trial court that it was prepared to immediately move forward with the nomination of a successor receiver.
 

 On September 16, 1993, the California Supreme Court denied the Shers’s petition for review of our decision affirming the order appointing the receiver. On September 17, 1993, pursuant to California Rules of Court, rule 25, we issued our remittitur of the case to the trial court.
 

 The City filed its motion to appoint a successor receiver on October 14, 1993, and scheduled the hearing date for November 5, 1993. The hearing date was postponed until November 19, 1993, at the request of Georges Shers, counsel for his mother Rose Shers. The trial court denied a second Shers’s motion to continue the hearing; that motion was filed on November 17, 1993, and alleged that Georges Shers had “previous legal commitments ... on November 19, 1993.”
 

 The November 19, 1993, hearing transpired as scheduled. On the same day, the Shers filed an opposing memorandum arguing that (1) the receivership itself was an inappropriate remedy, (2) the trial court lacked jurisdiction to appoint a successor, because the section 917.5 stay was still in effect, (3) the judge lacked jurisdiction under San Francisco Superior Court rule 131(b), because he was not the same judge who issued the original injunction eight years prior, and (4) the City’s nominee was unqualified and the Shers’s nominee should be appointed in the alternative.
 

 In an order executed on November 22, 1993, the trial court granted the City’s motion and appointed the City’s nominee, Floyd Farano, as the successor receiver.
 

 
 *1835
 
 On January 18, 1994, the Shers appealed from the order appointing a successor receiver. The City filed a motion to dismiss the appeal contending that the majority of issues raised were answered by this court’s earlier opinion affirming the order appointing a receiver and that any additional issues raised by the Shers are without merit. We ordered that motion considered with the merits of the appeal.
 

 For reasons contained herein, we grant the City’s motion to dismiss in part and affirm the superior court’s order.
 

 III. Discussion
 

 A.
 
 Appealability of an Order Appointing a Successor Receiver Under Section 904.1
 

 The City contends that the order appointing a successor receiver is not appealable. “[T]he California Supreme Court has repeatedly held that the right to appeal is wholly statutory. [Citation.]”
 
 (Barnes
 
 v.
 
 Litton Systems, Inc.
 
 (1994) 28 Cal.App.4th 681, 683 [33 Cal.Rptr.2d 562].) The superior court judgments or orders which may be appealed are listed in section 904.1.
 

 Both the Shers and the City acknowledge that the appealability of this order under section 904.1 is a question of first impression in California. There are two subdivisions of that section which may apply. The Shers argue the order is appealable under subdivision (a)(7) as “an order appointing a receiver.” (§ 904.1, subd. (a)(7).) Alternatively, we note that the “catch-all” subdivision (a)(2), which allows an appeal “from an order made after a judgment,” may apply. (§ 904.1, subd. (a)(2).)
 

 The City argues that, although section 904.1, subdivision (a)(7) makes an “order appointing a receiver” appealable, it does not expressly authorize appeal from an order appointing a
 
 successor
 
 receiver. California case law on the issue is scarce.
 
 [2]
 
 No case has expressly found an order appointing a successor receiver appealable under subdivision (a)(7). However, other jurisdictions with similar statutes have expressly denied appeals from such
 
 *1836
 
 orders. Thus, “[irrespective of whether, as a general rule, an order appointing a receiver is subject to direct appeal in a particular jurisdiction, it has been held, with few exceptions, that an order merely substituting another receiver for one already appointed is not so appealable.” (Annot. (1960) 72 A.L.R.2d 1061-1069, and Later Case Service (1995 pocket supp.) p. 318.)
 

 In Texas, under a statute with wording similar to section 904.1, subdivision (a)(7), an order appointing a successor receiver has been held nonappealable.
 
 [3]
 

 (Sclafani
 
 v.
 
 Sclafani, supra,
 
 870 S.W.2d 608, 610-611;
 
 First National Bank
 
 v.
 
 First State Bank
 
 (Tex.Civ.App. 1970) 456 S.W.2d 173 [hereafter
 
 First National Bank]; Benningfield
 
 v.
 
 Benningfield
 
 (Tex.Civ.App. 1941) 155 S.W.2d 827;
 
 American Nat. Ins. Co.
 
 v.
 
 Valley Reservoir & Canal Co.
 
 (Tex.App. 1919) 209 S.W. 438;
 
 McFarlane
 
 v.
 
 Greenameyer
 
 (Tex.Civ.App. 1917) 199 S.W. 304, 305.) The Texas cases persuasively reason that “removal of a permanent receiver affects only the person so appointed; the necessity for a receiver in a case and the performance of a receiver’s duties remains unchanged. And ... if an appeal would lie when a successor was appointed to a receiver who died, resigned, or was removed, expeditious receivership administration would be seriously impaired and possibly defeated.”
 
 (First National Bank, supra,
 
 456 S.W.2d at p. 174.) Other sister states have followed a similar approach. (See, e.g.,
 
 Parfenoff v. Kozlowski
 
 (1941) 218 Ind. 154 [31 N.E.2d 206, 208];
 
 Postin
 
 v.
 
 Akin
 
 (1941) 218 Ind. 142 [31 N.E.2d 638, 641-642];
 
 Parker
 
 v.
 
 Farish
 
 (1941) 241 Ala. 127 [1 So.2d 596, 599].)
 

 Returning to California, it is well established that certain orders pertaining to the appointment of a receiver are nonappealable. “An order refusing to appoint is not mentioned in the statute and should be held nonappealable. [Citations.] ... [1] [Similarly,] [t]he refusal to vacate a prior appointment, like other orders refusing to vacate, is ordinarily not appealable. [Citations.]” (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 99, p. 119.) However, an order discharging a receiver is appealable when it has the effect of being a final judgment.
 
 (Hibernia S. & L. Soc.
 
 v.
 
 Ellis Estate Co.
 
 (1932) 216 Cal. 280, 281-282 [13 P.2d 929] .)
 
 [4]
 

 The only California case to touch upon, but not clearly answer, the question of whether an order appointing a successor receiver is appealable is
 
 *1837
 

 Raff v. Raff
 
 (1964) 61 Cal.2d 514, 518 [39 Cal.Rptr. 366, 393 P.2d 678] (hereafter
 
 Raff).
 
 In
 
 Raff
 
 the trial court issued an interlocutory judgment of divorce and ordered the parties to reach a settlement dividing their community property.
 
 (Id.
 
 at p. 515.) When no settlement was reached, the court appointed a receiver.
 
 (Ibid.)
 
 Neither party appealed from this order, but three months later the defendant filed a motion to remove and replace the receiver, complaining that the receiver was biased and favored the plaintiff.
 
 (Ibid.)
 
 The defendant appealed from the denial of his motion.
 
 (Ibid.)
 

 Our Supreme Court determined that “[s]ince the denial of defendant’s motion constituted, in effect, an order that the receiver continue to serve as such and follow the directions issued to him by the court, it necessarily affected enforcement of the interlocutory judgment, and, under section 963, subdivision 2, of the Code of Civil Procedure, is an appealable order.”
 
 [5]
 

 (Raff, supra,
 
 61 Cal.2d at p. 518.)
 

 Importantly, the court did not find that the appeal was authorized under the statute as an appeal from an
 
 order appointing a receiver.
 
 Instead, the court concluded that the appeal was authorized under what is now section 904.1, subdivision (a)(2), because the order affected enforcement of the interlocutory divorce judgment.
 
 (Raff, supra,
 
 61 Cal.2d at p. 518.) Thus,
 
 Raff
 
 can be read consistently with the sister state cases holding the appointment of a successor receiver nonappealable under statutes that allow an appeal from an order appointing a receiver. In fact,
 
 Raff
 
 can be read to impliedly reject the contention that such an order is appealable under what is now section 904.1, subdivision (a)(7) as an order appointing a receiver.
 

 Following the reasoning in
 
 Raff,
 
 however, an order appointing a successor receiver may be appealed if it meets the requirements of a postjudgment
 
 *1838
 
 order under section 904.1, subdivision (a)(2).
 
 [6]
 
 To be appealable under section 904.1, subdivision (a)(2), a postjudgment order that follows a final appealable judgment must meet two requirements: (1) “the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment” and (2) “ ‘the order must either affect the judgment or relate to it by enforcing it or staying its execution.’ ”
 
 (Lakin
 
 v.
 
 Watkins Associated Industries
 
 (1993) 6 Cal.4th 644, 651-652 [25 Cal.Rptr.2d 109, 863 P.2d 179] [hereafter
 
 Lakin],
 
 quoting
 
 Olson
 
 v.
 
 Cory
 
 (1983) 35 Cal.3d 390, 400 [197 Cal.Rptr. 843, 673 P.2d 720].)
 

 In this case, the order meets the first requirement for appealability. The decision of the trial court to appoint a successor receiver does not raise the same issues as the underlying judgment. The underlying judgment concerns the condition of the property in relation to the municipal code. The order appointing a successor receiver is merely concerned with the identity of the person enforcing the judgment.
 

 The second requirement, that the order must either affect the judgment or relate to its enforcement, is also met. The order appointing a successor receiver relates to the enforcement of the underlying judgment by deciding who will administer the receivership.
 

 It could be argued that the identity of the receiver does not meet the second requirement because it “leaves the judgment intact and neither adds to it nor subtracts from it.”
 
 (Redevelopment Agency
 
 v.
 
 Goodman
 
 (1975) 53 Cal.App.3d 424, 429 [125 Cal.Rptr. 818].) However, in
 
 Lakin,
 
 our Supreme Court pointed out that the “neither adds nor subtracts” reasoning provides an incomplete analysis.
 
 (Lakin, supra, 6
 
 Cal.4th at p. 652.) It reasoned: “[P]ostjudgment orders that neither literally add to nor subtract from the judgment can nevertheless be appealable, as long as they affect the judgment or relate to its enforcement. To say that a nonappealable postjudgment order neither adds to nor subtracts from the judgment is but one way of describing its lack of relationship to the judgment.”
 
 (Id.
 
 at p. 654.)
 

 The court characterized orders failing the second requirement as “orders that, although following an earlier judgment, are more accurately understood
 
 *1839
 
 as being preliminary to a later judgment, at which time they will become ripe for appeal.”
 
 (Lakin, supra,
 
 6 Cal.4th at p. 652.) “All these ‘postjudgment’ orders lacked finality in that they were also preparatory to later proceedings. To hold these orders ‘nonappealable’ merely postponed their appeal until the conclusion of later proceedings; it did not deny it altogether."
 
 (Id.
 
 at p. 653.)
 

 As to the order at issue here, there is no possibility of appeal at a later proceeding. The order is the final determination of who will administer the receivership until that person resigns, the court removes him or her, or the receivership is terminated. That such an order is appealable as a postjudgment order is consistent with our Supreme Court’s reasoning in
 
 Raff. (Raff, supra,
 
 61 Cal.2d at p. 518.)
 

 However, nothing in
 
 Raff
 
 or the relevant statutes sanctions a second attack on the appropriateness of the receivership remedy by virtue of an appeal from an order appointing a successor receiver. As in this case, the issues relating to the appropriateness of the receivership remedy should be raised and decided in the initial appeal from the order appointing a receiver under section 904.1, subdivision (a)(7). Once the deadline for appeal from that order has passed, such issues cannot be resuscitated when a receiver resigns and is replaced. This result is again consistent with
 
 Raff.
 
 There, the appeal only contested who the receiver was and the court indicated that the issue of the validity of the receivership itself would not be reviewable at that time.
 
 [7]
 
 (Ra
 
 ff, supra,
 
 61 Cal.2d at p. 518.)
 

 In summary, we conclude that the order appointing a successor receiver is not appealable under section 904.1, subdivision (a)(7), as an order appointing a receiver,
 
 [8]
 
 but is under subdivision (a)(2) if the order was made after judgment and meets the requirements for appealability articulated in
 
 Lakin. (Lakin, supra,
 
 6 Cal.4th at p. 652.) However, appealability is limited to those
 
 *1840
 
 issues specifically encompassed by the order being appealed from and does not extend to anything entirely subsumed in prior orders, e.g., in this case, the appropriateness of the receivership or anything relating thereto.
 

 Our ruling is, it should be stressed, limited to those cases—such as this—where the order being appealed from is postjudgment.
 
 Lakin
 
 would seem to make clear that, where the order being appealed arises during or pending litigation, it is
 
 not
 
 appealable under section 904.1, subdivision (a)(2) (nor of course is it, under our ruling above, under subdivision (a)(7)). This is so, because such an appeal would result in delay of the trial proceedings and also because review of it is available on appeal from the final judgment.
 

 The impact of our holding on the present case is that the substantive issue that may be raised in the Shers’s appeal is limited to the question of the successor receiver’s qualifications.
 

 B.-E.
 
 *
 

 IV. Disposition
 

 The motion to dismiss is granted in part and the order appointing a successor receiver is affirmed.
 

 Smith, Acting P. J., and Phelan, J., concurred.
 

 A petition for a rehearing was denied November 9, 1995, and appellants’ petition for review by the Supreme Court was denied January 3, 1995.
 

 [1]
 

 All future code references are to the Code of Civil Procedure unless otherwise noted. At the time of filing, the relevant statute was numbered 904.1, subdivision (g). The subdivision designations were changed by amendment in 1993. Section 904.1, subdivision (a)(7) expressly authorizes an appeal “[f]rom an order appointing a receiver.”
 

 [2]
 

 Whether the Legislature intended to include such an appeal in section 904.1, subdivision (a)(7) is not revealed in the relatively barren legislative history. When originally enacted in 1872, the code section authorizing appeal did not expressly make an order appointing a receiver appealable. The appeal was added to the statute in 1897, and shortly thereafter, our Supreme Court commented, “These amendments were apparently intended to afford a remedy for prodigal, unwise, and unwarranted appointments of receivers, which seems to be a growing evil; and we think that they do afford an adequate remedy
 
 . . . .” (Jacobs
 
 v.
 
 Superior Court
 
 (1901) 133 Cal. 364, 365 [65 P. 826].) Such language, of course, does not reveal that the Legislature contemplated an appeal from an order appointing a successor receiver once the receivership remedy had already been established.
 

 [3]
 

 The Texas statute reads: “ ‘A person may appeal from an interlocutory order of a district court, county court at law, or county court that: (1) appoints a received.] ’ ”
 
 (Sclafani
 
 v.
 
 Sclafani
 
 (Tex.Ct.App. 1993) 870 S.W.2d 608, 610.)
 

 [4]
 

 At oral argument, the Shers for the first time cited
 
 Estate of Joslyn
 
 (1967) 256 Cal.App.2d 671 [64 Cal.Rptr. 386], which allowed an appeal from the appointment of a successor trustee. The Shers did not cite this case in their briefs and, therefore, we are not obligated to take it into consideration. Nevertheless, we conclude that the Shers analogy to
 
 Joslyn
 
 is of little assistance in our analysis, because
 
 Joslyn
 
 involved an appeal specially authorized under the Probate Code. (256 Cal.App.2d at p. 675.)
 

 [5]
 

 In 1968 section 963, relied upon by
 
 Raff,
 
 was repealed and replaced by current section 904.1, (Stats. 1968, ch. 385, p. 811.) “Former [section] 963 provided that an appeal may be taken ‘from any special order made after final judgment.’ [Section] 904.1 (b) omits the uniformative ‘special order’ terminology and simply provides for appeal ‘From an order made after a judgment made appealable by subdivision (a).’ ” (9 Witkin, Cal Procedure,
 
 supra,
 
 Appeal, § 101, p. 120.) In 1993 section 904.1, subdivision (b) was renumbered as section 904.1, subdivision (a)(2). (9 Witkin, Cal. Procedure (3d ed. 1995 supp.) Appeal, § 101, p. 47.) At oral argument counsel for the City argued that
 
 Raff
 
 was not applicable because current section 904.1, subdivision (a)(2) omitted the special order terminology included in section 963 at the time of
 
 Raff.
 
 However, the absence of the “uninformative ‘special order’ terminology” does not substantively change the statutory scheme. (See 9 Witkin, Cal. Procedure, Appeal,
 
 supra,
 
 § 101, at p. 120.) We note that the apparent primary purpose of the 1968 changes was to subdivide the cumbersome language of former section 963. The City has not directed us to any legislative history or case law which would indicate that the Legislature intended to narrow the scope of appeal from a postjudgment order. Furthermore, the section 904.1 omission of the words “special order” would seem to broaden, not narrow, the scope of the provision. Therefore, we find the City’s argument unpersuasive.
 

 [6]
 

 At oral argument the City contended that the order appointing a successor receiver cannot be a postjudgment order for purposes of section 904.1, subdivision (a)(2), because it was not made after judgment. We observed in a prior Shers’ appeal that the appointment of a receiver is not itself a judgment rendering a subsequent order appealable.
 
 (City and County of San Francisco
 
 v.
 
 Shers
 
 (Mar. 8, 1995) A067150 [nonpub. opn.].) However, we also previously ruled that the receivership in this case was created under section 564, subdivision (b)(3), which empowers the court to create a receivership “[a]fter judgment, to carry the judgment into effect.”
 
 (City and County of San Francisco
 
 v.
 
 Shers, supra,
 
 A057755.) Accordingly, this order appointing a successor receiver was made after the same judgment that the receivership was created to enforce, i.e., the determination that the property must be brought to code.
 

 [7]
 

 Citing
 
 Title Ins. & Trust Co.
 
 v.
 
 California Etc. Co.
 
 (1911) 159 Cal. 484, 487 [114 P. 838] (hereafter
 
 Title Ins. & Trust)
 
 the court pointed out that “. . . no appeal was taken from the order appointing the receiver; and if the defendant’s motion had been limited to seeking vacation of that order, the order denying his motion would not be appealable.”
 
 (Raff, supra,
 
 61 Cal.2d at p. 518.) Turning to
 
 Title Ins. & Trust
 
 we find that such an appeal “amounts to no more than refusal by the court to reconsider an action already taken and that the appeal should be from the original order.”
 
 (Title Ins. & Trust, supra,
 
 159 Cal. at pp. 487-488.) The reasoning is applicable to the situation at hand. If an appeal is not taken from the original order appointing a receiver, then that appeal is lost after the statutory time limit expires.
 

 [8]
 

 As a result, the procedure for staying a receivership under section 917.5 cannot apply to an appeal from an order appointing a successor receiver to enforce the judgment. Section 917.5 allows for an undertaking to be posted to stay the receivership during appeal from an order that “appoints a receiver.” Since an order appointing a successor receiver is not an “order appointing a receiver” under section 904.1, subdivision (a)(7), the section 917.5 stay provision is not available. A contrary result would require inconsistent readings of the words “appoint[ing] a receiver” in the two statutes.
 

 *
 

 See footnote,
 
 ante,
 
 page 1831.