Filed 5/1/14  City of Pleasanton v. Spitzer CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CITY OF PLEASANTON,<br><br>　　　　Plaintiff and Respondent,<br>v.<br>THOMAS A. SPITZER et al.,<br><br>　　　　Defendants and Appellants,<br>J. BENJAMIN MCGREW,<br><br>　　　　 Respondent. | A141165<br><br>(Alameda County<br>Super. Ct. No. RG12642206) |

The City of Pleasanton petitioned for appointment of a receiver for a residence owned by appellants Thomas A. Spitzer et al., alleging that the building had become substandard and dangerous.  The court appointed J. Benjamin McGrew as receiver to take control of the property.  Appellants are appealing from an order denying their motion to discharge McGrew as receiver.  McGrew has moved to dismiss the appeal on the ground that the order is not appealable.  We grant the motion.

The right to appeal from a trial court order is wholly statutory.  (*Barnes v. Litton Systems, Inc.* (1994) 28 Cal.App.4th 681, 683.)  An order appointing a receiver is appealable by statute (Code Civ. Proc., § 904.1, subd. (a)(7)), but it has long been settled that a prejudgment order declining to discharge a receiver once appointed is not appealable.  "In the case at bar the appellant seeks to appeal from an order (made before judgment) refusing to vacate a prior order appointing a receiver.  An order appointing a receiver is, since the amendment of 1897 to section 963 of the Code of Civil Procedure

1

[currently Code Civ. Proc., § 904.1; see Stats. 1968, ch. 385, §§ 1, 2, pp. 811-813], the subject of direct appeal.  The statute does not, however, authorize an appeal from an order refusing to vacate the appointment of a receiver.  It would seem clear, therefore, that the attempted appeal now under discussion does not come within the terms of the statute and that, if the appellant has any right to a review of the order complained of, it must be by means of an appeal from such final judgment as may hereafter be entered in the action." (*Title Ins. & Trust Co. v. Calif. Development Co.* (1911) 159 Cal. 484, 487.)  Since no judgment has been entered in this case, the challenged order is not appealable.

Appellants cite *Raff v. Raff* (1964) 61 Cal.2d 514, for a contrary conclusion, but that case involved a post-judgment order.  The *Raff* court allowed an appeal from an order denying a motion to remove a receiver appointed to divide community property after issuance of a judgment of dissolution.  Post-judgment orders like the one in *Raff* are appealable (Code Civ. Proc., § 904.1, subd. (a)(2)), prejudgment orders like the one challenged here are not.

The appeal is dismissed.


_____

Siggins, J.


We concur:


_____

Pollak, Acting P.J.


_____

Jenkins, J.


2