[No. B214450. Second Dist., Div. Five. Nov. 30, 2010.]

MICHAEL SILVER, Cross-complainant and Appellant, v.
PACIFIC AMERICAN FISH CO., INC., et al., Cross-defendants and
Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of Introduction, part B., Factual and Procedural Background, parts A. and B., and Discussion, parts A. through F.

## COUNSEL

Paul A. Wollam; Bekken Law Group and Robert Bekken for Cross-complainant and Appellant.

Nemecek & Cole, Jonathan B. Cole, Michael W. Feenberg and Susan S. Baker for Cross-defendants and Respondents.

OPINION

MOSK, J.—

## INTRODUCTION

Michael Silver (Silver) filed a cross-complaint against Pacific American Fish Co., Inc., Paul Huh, and Peter Huh (collectively, Pacific) alleging claims arising out of an asset purchase agreement and a related employment agreement. Pacific responded by asserting, inter alia, lack of standing and judicial estoppel, each such defense based on Silver's prior bankruptcy proceeding. The trial court bifurcated the trial on the standing and estoppel defenses and ruled in Pacific's favor. Silver appeals from the adverse judgment on his cross-complaint.

### A. *Award of Attorney Fees*

In the published portion of the opinion, we hold that Silver's purported notice of appeal from the postjudgment order awarding Pacific attorney fees is untimely, and that his notice of appeal from the judgment does not encompass the separately appealable postjudgment order awarding attorney fees. Therefore, we do not have jurisdiction over Silver's challenge to the order awarding attorney fees to Pacific.

### B. *Other Contentions[1]\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## FACTUAL AND PROCEDURAL BACKGROUND[3]

### A., B.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### C. *The Award of Attorney Fees to Pacific*

On February 3, 2009, Pacific filed a motion for attorney fees, and the hearing on that motion was thereafter continued to March 26, 2009. On

---

[1] The cross-defendants and respondents will be referred to collectively as Pacific because Silver asserted each cause of action in his cross-complaint against each cross-defendant. When necessary for clarity, such as, for example, in the discussion of the voluntary dismissal of Pacific American Fish Co., Inc.'s cross-complant against Silver, we will refer to that corporation as Pacific American and to the individual respondents by their proper names.

\*See footnote, *ante*, page 688.

[3] The factual and procedural backgrounds specific to each issue raised on appeal are set forth below at the beginning of each discussion of those issues. This section sets forth a general statement of the facts and procedure to provide context for the ensuing discussion of the issues.

\*See footnote, *ante*, page 688.

February 25, 2009, *prior* to the hearing on Pacific's attorney fees motion, Silver filed a notice of appeal that specified, inter alia, that he was appealing from the trial court's order on Pacific's motion for attorney fees, a motion on which the trial court had yet to rule. On March 26, 2009, over a month after Silver filed his notice of appeal, the trial court heard and granted, in part, Pacific's motion for attorney fees and costs.

## DISCUSSION

A.–F.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

G.  *Ruling on Pacific's Claim for Attorney Fees and Costs*

Pacific argues that Silver's appeal from the trial court's order granting Pacific's attorney fees motion is untimely and should be dismissed. We agree.

■ Silver filed a notice of appeal on February 25, 2009, which included a notice of appeal from the trial court's order granting Pacific's motion for attorney fees and costs. The notice was filed *after* Pacific had filed its attorney fees motion, but well *before* any hearing or ruling on that motion. Thus, at the time Silver purported to appeal the order on Pacific's motion, there had been no indication of the trial court's intended ruling on that motion. The trial court's oral pronouncement of a ruling did not occur until March 26, 2009, over a month after the filing of Silver's notice of appeal. A notice of appeal filed after rendition of a judgment or statement of intended ruling but before entry of judgment may be treated as timely. (See Cal. Rules of Court, rule 8.104(e)(1), (2); 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, §§ 620–624, pp. 698–702.) But here, Silver filed his notice of appeal before the statement of intended decision. Thus, the notice as it relates to the trial court's subsequent ruling on Pacific's attorney fees motion is untimely under the holding in *First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 960 [134 Cal.Rptr.2d 206] (notice of appeal filed before announcement of trial court's intended ruling is untimely and cannot be treated as a premature but timely notice).

In his reply brief, Silver suggests in a cursory footnote that his appeal is timely under the holding in *Grant v. List & Lathrop* (1992) 2 Cal.App.4th 993, 998 [3 Cal.Rptr.2d 654] (*Grant*). That case holds that an appeal from a final judgment encompasses a subsequent order fixing the amount of attorney fees, if the judgment adjudicated entitlement to attorney fees, but left the amount

---

*See footnote, *ante*, page 688.

of those fees for later insertion by the court clerk. The implication of Silver's citation to *Grant* is that regardless of the timeliness of his appeal from the postjudgment attorney fees award, his appeal from *the judgment* included the trial court's subsequent order awarding fees and costs to Pacific.

In *Colony Hill v. Ghamaty* (2006) 143 Cal.App.4th 1156, 1172 [50 Cal.Rptr.3d 247], the court explained the limited holding in *Grant, supra,* 2 Cal.App.4th 993, as follows: "In *Grant*, the judgment expressly awarded attorney fees to certain parties, and the amounts of the awards were left blank for later insertion by the court clerk. Thereafter, the trial court set the amounts of the awards. The Court of Appeal rejected the argument it lacked jurisdiction over the fee issue, holding that 'when a judgment awards costs and fees to a prevailing party and provides for the later determination of the amounts, the notice of appeal subsumes any later order setting the amounts of the award.' (*Id.* at p. 998.) [¶] Here, in contrast to *Grant*, the judgment did not expressly award attorney fees to [the respondent]. Rather, it left the issues of entitlement and amount for later proceedings. In considering the applicability of the *Grant* exception, the court in *DeZerega v. Meggs* [(2000)] 83 Cal.App.4th [28,] 44 [99 Cal.Rptr.2d 366], explained: 'The issue . . . is not whether fees were ultimately recovered "as costs" but whether the *entitlement* to fees was *adjudicated* by the original judgment, leaving only the issue of amount for further adjudication.' Were we to extend *Grant* in the manner [the appellant] urges, a prevailing party would never have to file a separate appeal from a postjudgment order granting attorney fees. That, of course, would be contrary to [the general rule that postjudgment orders awarding attorney fees are separately appealable]."

In the instant case, the judgment provided that Pacific "shall recover . . . attorney fees and costs of suit," but left a blank space for the amount. According to Silver's theory, that language was sufficient to bring this case within the limited exception in *Grant, supra,* 2 Cal.App.4th 993. Based on the record concerning the attorney fees award, we disagree that *Grant* applies to this case.

Notwithstanding the language in the judgment, it is clear that the parties subsequently litigated in a separate postjudgment proceeding not only the reasonableness of the amount of the attorney fees Pacific was claiming, but also the threshold issue of Pacific's *entitlement* to such fees. The statement of decision, on which the judgment is based, provided that "[Pacific], as prevailing party, may make an application for attorney's fees and costs by postjudgment motion for allowance of attorney's fees as an element of costs." That language suggests the trial court intended, and the parties understood, that the issue of attorney fees would be the subject of a separate postjudgment application. Consistent with the trial court's intent and the

understanding of the parties, Pacific argued in its motion the threshold issue of entitlement under Code of Civil Procedure section 1032 and Civil Code section 1717, contending it was the prevailing party under both statutes. Silver opposed the motion arguing, inter alia, that Pacific was not the prevailing party. The minute order for the hearing on Pacific's attorney fees motion reflects that the trial court adjudicated *both* Pacific's entitlement to an award of attorney fees and the reasonableness of the amounts claimed. Under these circumstances, Silver was not misled into believing that the trial court had adjudicated prior to or in the judgment the issue of entitlement to attorney fees.

The facts in this case are closer to the facts in *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35 [269 Cal.Rptr. 228] (*Praszker*) than to those in *Grant, supra*, 2 Cal.App.4th 993. In *Praszker*, "the issue of whether [the plaintiff] was entitled [to attorney fees and costs as damages] was deferred until after judgment and litigated by way of a motion to tax costs." (*Praszker*, at p. 45.) Although the judgment included an award of costs and disbursements, it did not include any amount. The defendant appealed from the judgment, but did not appeal from the subsequent postjudgment order awarding attorney fees and costs. The court in *Praszker* held that " '[i]f a judgment or order is appealable, an aggrieved party *must* file a *timely* appeal or forever *lose* the opportunity to obtain appellate review.' (Eisenberg, Horvitz & Wiener, Cal. Practice Guide, Civil Appeals and Writs (Rutter 1989) § 2.13, p. 2-5 (Eisenberg), citing Code Civ. Proc. § 906 and *Kinoshita v. Horio* (1986) 186 Cal.App.3d 959, 967 [231 Cal.Rptr. 241], italics original.) A postjudgment order which awards or denies costs or attorney's fees is separately appealable. (Eisenberg, § 2:156, p. 2-42; *Citizens Against Rent Control v. City of Berkeley* (1986) 181 Cal.App.3d 213, 223 [226 Cal.Rptr. 265]; *Rich v. City of Benicia* (1979) 98 Cal.App.3d 428, 432 [159 Cal.Rptr. 473]; *Raff v. Raff* (1964) 61 Cal.2d 514, 519 [39 Cal.Rptr. 366, 393 P.2d 678]; Code Civ. Proc. § 904.1, subd. (b)), and if no appeal is taken from such an order, the appellate court has no jurisdiction to review it. (*Hardin v. Elvitsky* (1965) 232 Cal.App.2d 357, 363–364 [42 Cal.Rptr. 748].) [Fn. omitted.]" (*Praszker, supra*, 220 Cal.App.3d at p. 46.)

In response to the defendant's argument that the recitation in the judgment concerning an award of costs and disbursements was sufficient to include on appeal the subsequent award of fees as costs, the court in *Praszker, supra*, 220 Cal.App.3d at page 46, footnote 4, stated: "We reject [the defendant's] facile argument that the recitation in the . . . judgment that [the] plaintiff be awarded judgment together with 'costs and disbursements' was sufficient to encompass the subsequently awarded litigation costs. Under the [trial] court's order and stipulation of the parties, [the plaintiff] did not become entitled to such costs until a cost bill was filed and the motion to tax determined in a separate proceeding. Moreover, acceptance of [the defendant's] position

would sabotage the rule that postjudgment orders allowing or denying costs and attorneys fees must be separately appealed from, since virtually all judgments routinely provide for 'costs' to the prevailing party."

■ Here, as in *Praszker, supra*, 220 Cal.App.3d 35, the issue of whether Pacific was entitled to an award of fees was deferred until after judgment and litigated in a separate postjudgment proceeding that resulted in a determination and order in Pacific's favor. Under the rationale of *Praszker,* the postjudgment order awarding attorney fees was separately appealable and therefore required Silver to file a separate, timely notice of appeal. His failure to do so deprives this court of jurisdiction over his purported appeal from that order and mandates dismissal of that portion of his appeal.

## DISPOSITION

Silver's appeal from the order awarding attorney fees to Pacific is dismissed for lack of jurisdiction, and the judgment and other orders of the trial court from which he appeals are affirmed. Pacific American, Peter Huh, and Paul Huh are awarded their costs on appeal.

Turner, P. J., and Kriegler, J., concurred.