Filed 7/15/13  Santa Fe Pacific Pipelines v. Union Pacific Railroad Co. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| SANTA FE PACIFIC PIPELINES, INC., et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>    Defendant and Respondent. | B240842<br><br>(Los Angeles County Super. Ct. No. BS136153)<br><br><br>**ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING**<br><br>**NO CHANGE IN JUDGMENT** |

THE COURT:*

The opinion filed on June 19, 2013, in the above-entitled matter is modified as follows:

1.  On the third line of page 5, the number 81 is deleted and the number 19 is inserted in its place.

2.  On the fourth line of page 5, the phrase "The pipeline did not challenge the motion on the merits, but instead" is deleted.  The phrase "The pipeline" is inserted in its place.

3.  On page 8, the first full paragraph beginning with "In its reply brief" is deleted.

The petition for rehearing is denied.

There is no change in judgment.

_____

\*      BIGELOW, P. J.                    RUBIN, J.                    FLIER, J.

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| SANTA FE PACIFIC PIPELINES, INC., et al., | B240842 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BS136153) |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant and Respondent. | |

APPEAL from an order of Superior Court of Los Angeles County, James R. Dunn, Judge.  Affirmed.

Mayer Brown, Donald Falk, Neil M. Soltman, Michael F. Kerr and Germain Labat for Plaintiffs and Appellants.

McKenna Long & Aldridge, Thomas F. Winfield III and Michael H. Wallenstein for Defendant and Respondent.

\* \* \* \* \* \* \* \*

After a lengthy trial, the victorious party sought prejudgment interest under Civil Code section 3287.[1] Its opponent argued the interest issue must be arbitrated rather than decided by the temporary judge who presided over the trial. We find no arbitration provision in the agreement, which was the subject of the trial before the temporary judge and the basis of the temporary judge's jurisdiction. We therefore affirm the denial of appellants' petition to compel arbitration.

## FACTS AND PROCEDURE

Appellants are Santa Fe Pacific Pipelines, Inc.; SFPP, L.P. Kinder Morgan Operating L.P. "D"; and Kinder Morgan G.P., Inc. (collectively the pipeline). Respondent is Union Pacific Railroad Company (the railroad). In *Southern Pacific Transportation Co. v. Santa Fe Pacific Pipelines, Inc.* (1999) 74 Cal.App.4th 1232, 1235-1236, the First District Court of Appeal summarized the parties' and their predecessors' relationship as well as their agreements as follows:

"The relevant history begins in the mid-1950's. At that time, the railroad and Southern Pacific Pipelines, Inc. – the predecessor of Santa Fe – were sister subsidiaries of Southern Pacific Corporation. The pipeline company had the right to install pipelines along the railroad's right-of-way pursuant to two master agreements. The agreements provided for the creation of pipeline easements on the right-of-way property.

"In 1983 the two companies entered into a new master agreement whereby the railroad granted to the pipeline company perpetual nonexclusive easements and the right to construct and operate underground hydrocarbon pipelines on its rights-of-way. The 1983 agreement set forth the amounts to be paid for existing pipeline easements through 1993.

"Also in 1983 the parent companies of the Southern Pacific and Santa Fe railroads announced a merger. The combination went forward but Southern Pacific – the railroad – was held in a trust and remained separate from the other newly combined entities. The

---

[1] All further undesignated statutory references are to the Civil Code unless otherwise noted.

Interstate Commerce Commission ultimately disapproved of the consolidation of the two railroads and required Southern Pacific to be sold to a third party. Meanwhile, the pipeline company became Santa Fe. The railroad and pipeline companies were no longer sister subsidiaries. Rents for pipelines constructed by Santa Fe were established through separate agreements.

"In 1991 the railroad sued Santa Fe and related entities, alleging that the 1983 master agreement should be rescinded because it was not negotiated at arm's length and set artificially low rent for the pipeline easements. [Citation.] The parties settled the lawsuit in April 1994. Pursuant to the settlement agreement, the 1983 master agreement was rescinded; the easement agreements of the 1950's were revitalized; the pipeline company's perpetual easement rights were confirmed and the easement locations were modified, reducing the width of the easement at many segments.

"The parties compromised the existing claims. As to future rent, the settlement agreement provided as follows: 'Beginning January 1, 1994, and every ten (10) years thereafter, [the railroad] may seek an increase of rent to fair market value. . . . If the parties hereto are unable to agree upon the amount of the rent increase, if any, for any such ten (10) year period on or prior to the commencement date of any ten (10) year period, then upon request of either party the parties shall within 30 days thereafter enter into a stipulation pursuant to Rule 244.1 of the California Rules of Court for an order directing a judicial reference proceeding pursuant to California Code of Civil Procedure § 638 et seq. by a single referee . . . to establish the amount of such rent increase in accordance with the fair market value of the easement.'" (Fn. omitted.)

"In July 1994 the parties entered into an amended and restated easement agreement, which reiterated the procedure and mechanism for determining rent increases. . . . The parties also entered into a side letter agreement in September 1994 . . . ." (*Southern Pacific Transportation Co. v. Santa Fe Pacific Pipelines, Inc., supra,* 74 Cal.App.4th at p. 1236.) The letter agreement referred to the settlement agreement and provided among other things that "all Existing Easement Agreements

3

shall be amended and restated pursuant to the terms of the Amended and Restated Easement Agreement . . . ."

On July 28, 2004, the railroad filed a complaint for declaratory relief. The complaint alleged the parties entered into the AREA (amended and restated easement agreement) on July 29, 1994. A copy of the AREA was attached to the complaint. According to the complaint, "Section 2(b)(i)(A) of the AREA provides a mechanism for the determination of the annual rent due and owing to Union Pacific for the Pipeline Company's easements. This provision states that beginning on January 1, 1994, and every ten years thereafter, Union Pacific may seek an increase in rent to fair market value. . . . If the parties are unable to agree upon a rent . . . , Union Pacific may seek an order directing a judicial reference proceeding by a single referee to 'establish the amount of such rent increase in accordance with the fair market value of the easement.'" The railroad alleged "[a]n actual controversy has arisen and now exists between Union Pacific and the Pipeline Company concerning the parties' rights and obligations concerning rent under the AREA. Specifically, the parties disagree as to (i) the fair market value of the Pipeline Company's easements as amended and restated in the AREA (and subsequent modifications), and (ii) the rent due in accordance therewith commencing on January 1, 2004. By this action, Union Pacific seeks a judicial determination of these issues in controversy, as provided for in the AREA."

The complaint does not mention the parties' settlement agreement.

On March 18, 2005, the parties stipulated to the appointment of the Honorable Eli Chernow, retired, to serve as a temporary judge (instead of following the reference procedure). Their stipulation provided that Judge Chernow "shall hear and conduct a trial of the above-entitled matter, and shall hear and determine all pretrial issues and motions, and preside over the trial of the within matter until rendition of judgment, and shall hear and determine all post-trial motions relating to the judgment filed or to be filed herein, and to act in said capacity until the conclusion of all matters herein which may be determined within the trial jurisdiction of the Superior Court."

4

On December 15, 2011, after the temporary judge issued a tentative statement of decision, the railroad moved for prejudgment interest under section 3287.[2] According to the railroad's motion, interest totaled more than $81 million.

The pipeline did not challenge the motion on the merits, but instead argued the temporary judge lacked jurisdiction to consider prejudgment interest because the arbitration clause *in the settlement agreement* required arbitration of the interest issue. The pipeline identified no arbitration provision in the AREA, and none exists. The AREA does not incorporate by reference the parties' settlement agreement.

On February 1, 2012, the pipeline filed a demand for arbitration with the American Arbitration Association. The pipeline estimated 10 days would be necessary for the hearing on this matter. It described the dispute as follows: railroad "is not entitled to recover interest in connection with a rent-setting procedure conducted under an April 8, 1994, settlement agreement, as amended" between the parties or their predecessors. The pipeline sought the payment of attorney fees in connection with the arbitration.

On February 3, 2012, the temporary judge held a hearing on the railroad's motion for prejudgment interest. Counsel for the pipeline declined to appear at the hearing.

On February 14, 2012, the pipeline filed a petition to compel arbitration. The petition relied on the arbitration provision contained in section 16 of the parties' 1994 settlement agreement. That section contains a broad arbitration provision.

---

[2]    Section 3287 provides: "(a) Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state. [¶] (b) Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed."

5

On February 22, 2012, the temporary judge concluded it had jurisdiction to rule on the railroad's motion for prejudgment interest. The temporary judge awarded the railroad prejudgment interest.

On April 18, 2012, the Los Angeles Superior Court Honorable James R. Dunn denied the pipeline's motion to compel arbitration. The court noted the parties had litigated for seven years, and, concluded the temporary judge had jurisdiction to decide the motion for prejudgment interest. The court found the stipulation appointing Judge Chernow sufficiently broad to cover the interest motion. The court further concluded "Judge Chernow has determined that the AREA, and not a separate agreement between the parties known as the Settlement Agreement, governs the Underlying Action, and this Court agrees with that finding. It is undisputed that the AREA contains no arbitration provision. Therefore, there is no agreement to arbitrate any issue involved in the Underlying Action including the disputed issue of interest here. Thus, [the pipeline] fail[s] to establish a condition precedent to granting the relief requested – i.e. an arbitration agreement between the parties that covers the disputed issue."

This appeal is from the denial of the pipeline's petition to compel arbitration. The pipeline has separately appealed the attorney fees awarded to the railroad for successfully defending the petition.[3]

## DISCUSSION

For contractual arbitration to apply, the contract must have an arbitration provision, and the party seeking arbitration bears the burden of proving its existence. (*Pinnacle Museum Tower, Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 236.) Both the temporary judge and the trial court found the parties' dispute to establish the fair market value of rent was governed by the AREA, which contains no

---

[3]    We decline the pipeline's request to take judicial notice of an exhibit filed in the parties' 1994 litigation. The pipeline fails to show why this court should take judicial notice of an exhibit not presented in the trial court. We grant the pipeline's request and take judicial notice of the transcript of a hearing in the present case. (Evid. Code, § 452, subd. (d).)

6

contractual arbitration provision. The pipeline disputes that conclusion, claiming the lawsuit was instead governed by the parties' settlement agreement, which contains an arbitration provision.

According to the pipeline, "[w]here the AREA applied, so does the Settlement Agreement, including" the settlement agreement's arbitration provision. The pipeline argues "[t]he AREA simply could not exist and cannot operate except under the umbrella of the Settlement Agreement. They are therefore related, not separate, and the Settlement Agreement covers the underlying interest dispute."

For purposes of this appeal, we accept the pipeline's premise that the AREA was "born of the settlement agreement," and constituted an effort to "effectuate" the settlement agreement.[4] But the pipeline's conclusion that "any dispute arising from the AREA necessarily arises from or relates to the Settlement Agreement" does not follow. The pipeline cites section 1641 and *California Ins. Guarantee Assn. v. Workers' Comp. Appeals Bd.* (2012) 203 Cal.App.4th 1328, 1336 for the correct proposition that "the whole of a contract is to be taken together." (§ 1641.) Applying that proposition here, it shows only the AREA must be considered as a whole and the settlement agreement must be considered as a whole, not that the two documents must be considered together.

Here, the complaint sought a declaration of the parties' rights and obligations under the AREA, not under the settlement agreement. Like the complaint, the stipulation to appoint Judge Chernow indicated the relevant contract was the AREA. Specifically, the stipulation provided: "The Temporary Judge shall determine the annual rent as of January 1, 2004 in accordance with the terms of the [AREA] attached as Exhibit 'A' to the Complaint herein." The pipeline does not show any claim was brought or litigated

---

[4]     To support these arguments, the pipeline cites to the September 1994 letter agreement indicating the easement agreements were amended and restated because the parties concluded "it [was] in their mutual best interests to modify certain forms of documents required by the Settlement Agreement." The letter agreement further states the "parties affirm and agree that the Settlement Agreement, as expressly amended hereby, remains in full force and effect."

7

under the settlement agreement.  The pipeline's description of the dispute incorrectly reports what happened:  railroad "is not entitled to recover interest in connection with a rent-setting procedure *conducted under an April 8, 1994, settlement agreement, as amended*" between the parties or their predecessors.  (Italics added.)  The rent-setting procedure was conducted under the AREA, not the settlement agreement.  Even though the settlement agreement may have been the genesis of the AREA, the settlement agreement was not the subject of the rent-setting trial before Judge Chernow.

In its reply brief, the pipeline for the first time argues the settlement agreement and AREA were substantially one transaction and should have been considered together.  Section 1642 provides:  "Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together."  (See *Brookwood v. Bank of America* (1996) 45 Cal.App.4th 1667, 1675 [applying that principle].)  But here, the pipeline forfeited any such claim first by failing to raise it in the trial court, or in this court until its reply brief.  (See *Parker v. McCaw* (2005) 125 Cal.App.4th 1494, 1508 [rejecting argument that agreements must be construed together because § 1642 was not raised in the trial court]; see also *Saville v. Sierra College* (2005) 133 Cal.App.4th 857, 872-873 [issue must be raised in trial court to be preserved for appeal].)

The pipeline also forfeited its claim that the dispute was governed by the settlement agreement by stipulating in 2005 Judge Chernow would "determine the annual rent as of January 1, 2004 in accordance with the terms of the [AREA] attached as Exhibit 'A' to the Complaint . . . ."  The appointment of a temporary judge must be construed narrowly, and here it could not be understood to resolve disputes under the settlement agreement because it mentioned only the AREA, not the settlement agreement. (*Gridley v. Gridley* (2008) 166 Cal.App.4th 1562, 1581.)  The parties' stipulation provides for a determination only under the AREA, which contains no arbitration provision.

Whether the temporary judge properly awarded interest is not the subject of this appeal, which is only from the order denying the pipeline's petition to compel arbitration.

8

The trial court properly denied that petition to compel arbitration because the litigation concerned only the AREA and the AREA contains no arbitration provision.  (See *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC*, *supra*, 55 Cal.4th at p. 236 [party seeking arbitration has the burden to show the existence of an agreement to arbitrate].)  Because we conclude the pipeline failed to demonstrate the threshold requirement of the existence of an arbitration provision, we need not consider the pipeline's remaining arguments attempting to show the trial court erred in denying its petition to compel arbitration.[5]

## DISPOSITION

The order denying the pipeline's petition to compel arbitration is affirmed. Respondent is entitled to its costs on appeal.

FLIER, J.

We concur:

BIGELOW, P. J.

RUBIN, J.

---

[5] The pipeline challenges the attorney fee award for opposing the petition to compel arbitration.  We decline to consider attorney fees because the current appeal is from only the order denying the petition to compel arbitration and the attorney fees were separately appealed.  (See *Silver v. Pacific American Fish Co., Inc.* (2010) 190 Cal.App.4th 688, 693 ["A postjudgment order which awards or denies costs or attorney's fees is separately appealable."].)