Filed 5/13/24  McCormick v. Woodle CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| MICHAEL McCORMICK, as Trustee, etc., | B322411 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. 22SMCV00297 |
| v. | |
| JENNIFER WOODLE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Helen Zukin, Judge.  Affirmed.

The Sands Law Group and Thomas D. Sands for Defendant and Appellant.

Dennis P. Block & Associates and Dennis P. Block for Plaintiff and Respondent.

———————————

Jennifer Woodle appealed after a court entered judgment against her in an unlawful detainer case. Because Woodle failed to provide an adequate record for review, we affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

In March 2022, Michael McCormick, as trustee of the Holly and Thomas Michael McCormick Trust, filed an unlawful detainer complaint against Jennifer Woodle. Woodle did not include the complaint in the record, so we do not know specifically what it alleged. However, it appears Woodle was renting property from McCormick, and McCormick sought unpaid rent and possession of the property from Woodle.

The case proceeded to a non-jury trial in June 2022. Woodle apparently represented herself. According to a minute order, both sides presented testimony and documentary evidence. The record on appeal does not include a reporter's transcript of the trial or a statement summarizing it. Nor does it include any exhibits admitted at trial.

After the parties rested, the court ordered judgment for McCormick. The court released the trial exhibits to the parties and ordered they be retained pending final determination of the action.

On June 9, 2022, Woodle filed an ex parte application for stay of execution. The application is not in the record, so we do not know what it contains.

On June 14, 2022, the court denied Woodle's application and entered judgment for McCormick. The judgment awarded possession of the property to McCormick, cancelled the rental agreement, and awarded McCormick $38,411.40 for past rent due, holdover damages, attorney fees, and costs.

Woodle timely appealed.

## DISCUSSION

As best we can tell, Woodle makes three arguments on appeal:  (1) the court's damages award is not supported by substantial evidence, (2) the court erred by refusing to admit certain exhibits into evidence at trial, and (3) the court erroneously denied Woodle's ex parte application for a stay.

The most fundamental rule of appellate review is that "judgments and orders are presumed correct, and error must be affirmatively shown.  [Citation.]  Consequently, appellant has the burden of providing an adequate record.  [Citations.]  Failure to provide an adequate record on an issue requires that the issue be resolved against appellant.  [Citation.]  Without a record, either by transcript or settled statement, a reviewing court must make all presumptions in favor of the validity of the judgment." (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935.)

Despite being represented by counsel on appeal, Woodle has wholly failed to meet her burden to provide an adequate record for review.  As Woodle correctly notes, we review the trial court's factual findings—including its determination of damages—for substantial evidence.  (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873–874.)  To perform such a review, we must examine all the evidence presented at trial.  (*Ibid.*) It is impossible for us to do so, however, because Woodle did not provide us with a transcript of the trial or a statement summarizing it.  (See *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132 [without a reporter's transcript of the trial proceedings, the appellants had "no basis upon which to argue that the evidence adduced at trial was insufficient to support the trial court's finding"].)  Nor did she provide us with the exhibits admitted at trial.  Because the record is incomplete,

we must simply presume that, had Woodle provided an adequate record of trial, it would have supported the trial court's determination. (See *Construction Financial v. Perlite Plastering* Co. (1997) 53 Cal.App.4th 170, 179 ["If any matters could have been presented to the court below which would have supported its findings and judgment, it will be presumed that such matters were presented."].)

The same is true of Woodle's contention the trial court erred by refusing to admit her exhibits into evidence at trial. We review a court's exclusion of evidence for an abuse of discretion. (*Beebe v. Wonderful Pistachios & Almonds LLC* (2023) 92 Cal.App.5th 351, 378.) Here, however, we cannot determine whether the trial court abused its discretion because Woodle did not include in the record the exhibits the court refused to admit. Nor did she include any documents that reflect the trial court's reasons for denying her requests. On the record before us, it is simply impossible to determine whether the court erred. Instead, we must presume the trial court had valid reasons to refuse to admit Woodle's exhibits into evidence.

Woodle similarly failed to provide an adequate record related to her contention the court erred by denying her ex parte application.[1] Woodle did not include in the appellate record any

---

[1] McCormick argues we lack jurisdiction to consider Woodle's arguments regarding the ex parte application because it is a postjudgment order from which Woodle did not appeal. While it is true a postjudgment order is appealable separate from the judgment (see, e.g., *Silver v. Pacific American Fish Co., Inc.* (2010) 190 Cal.App.4th 688, 693), it is not clear from the record whether the court denied Woodle's ex parte application after it entered judgment. Therefore, we liberally construe Woodle's

4

substantive documents relevant to the issue: she did not include the application itself, McCormick's opposition to the application, a transcript or summary of the hearing on the application, or the court's order denying the application. Without those documents, it is impossible for us meaningfully to consider Woodle's arguments or determine whether the court erred. Once again, we must simply presume the court complied with the law and had valid reasons to deny the application.

## DISPOSITION

We affirm the judgment. Michael McCormick is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:


EDMON, P. J.


ADAMS, J.

---

notice of appeal of the judgment to include the denial of her ex parte application. (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 882–883 [notices of appeal are to be liberally construed to preserve the right to review].)