Filed 3/2/26  Sanwa Technologies v. Titus CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SANWA TECHNOLOGIES, INC., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> PAUL JOSEPH TITUS, <br><br> Defendant and Appellant. | B347323 <br><br> Los Angeles County Super. Ct. No. 24SMCV03836 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Edward Moreton, Jr., Judge.  Affirmed.

Paul Joseph Titus, in pro. per., for Defendant and Appellant.

Ross, Wolcott, Teinert & Prout, and Roy Silva for Plaintiff and Respondent.

Plaintiff Sanwa Technologies, Inc. (Sanwa) filed a complaint against defendants Paul Joseph Titus and Hayat Bi[1] alleging causes of action for rescission, "declaratory judgment," and permanent injunction. The trial court granted summary judgment in favor of Sanwa on all three claims. On appeal, Titus contends that the trial court committed various legal errors but has not provided an adequate record for us to review his arguments. Because Titus has not met his burden of showing the trial court erred, we affirm.

## PROCEDURAL BACKGROUND

Most of the relevant filings and documents relating to this case are not contained in the record. Accordingly, much of the background information that follows is taken from the trial court's case register.

In August 2024, plaintiff filed a complaint against defendants in the trial court. Although that complaint is not in the appellate record, the judgment indicates that the complaint alleged causes of action for rescission, declaratory judgment, and permanent injunction. The contract that formed the basis of the legal dispute between Sanwa and Titus is likewise not in the record.

Defendants filed an answer and cross-complaint. Plaintiff demurred to the cross-complaint. The answer, cross-complaint, demurrer, and order adjudicating the demurrer are not in the record.

In January 2025, Sanwa filed a motion for summary judgment against Titus. The court granted the motion in April

---

[1]     Hayat Bi is not a party to this appeal.

2025.  Sanwa's moving papers, Titus's opposition papers, and the court order granting the motion are not in the record.  The reporters' transcript of the hearing is also not in the record.

On May 21, 2025, the trial court entered judgment in favor of plaintiff against defendants on all three causes of action.  Titus timely appealed.

## DISCUSSION

I. **Titus has not met his burden of showing the trial court erred by granting Sanwa's motion for summary judgment**

A party is entitled to summary judgment only if there is no triable issue of material fact and the party is entitled to judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c).)  A triable issue of fact exists if the evidence would allow a reasonable trier of fact to find the fact in favor of the party opposing summary judgment.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)  We review the trial court's ruling on a summary judgment motion de novo, liberally construe the evidence in favor of the party opposing the motion, and resolve all doubts concerning the evidence in favor of the opponent.  (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460.)

We cannot engage in our usual de novo review because we do not have an adequate record.  "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment."  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).)  Unless the record shows otherwise, we

3

make all presumptions in favor of the trial court's order, including presuming that any evidence " 'which would have authorized the order' " was presented below.  (*Id.* at p. 609.) " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' "  (*Ibid.*)

" 'When practicing appellate law, there are at least three immutable rules: first, take great care to prepare a complete record; second, if it is not in the record, it did not happen; and third, when in doubt, refer back to rules one and two.' " (*Jameson*, *supra*, 5 Cal.5th at p. 609, fn. 11.)  These rules apply to self-represented litigants like appellant.  (See *Dilbert v. Newsom* (2024) 101 Cal.App.5th 317, 323.)

Titus argues that the trial court "erred in granting summary judgment because triable factual issues existed and [Titus's] evidence was ignored."  Alternatively, Titus argues the contract between the parties was "coerced and unconscionable." As Sanwa points out, however, we cannot assess these arguments because we do not have before us the moving and opposing papers, nor do we have the evidence, if any, submitted by both sides, including the contract.  Titus thus forfeited his arguments and did not meet his burden of showing the trial court erred in granting Sanwa's motion for summary judgment.

II.     **The court lacks jurisdiction to review Titus's challenge to the trial court's costs award, and in any event, Titus has not met his burden of showing error**

Titus also argues that the trial court erred after entering judgment by (1) awarding Sanwa costs and (2) amending the judgment to reflect the award of costs after Titus filed the notice

of appeal.  The fatal flaw with these arguments is that Titus has not appealed from the order awarding costs, nor has he appealed from the amended judgment.  As a result, his arguments fall outside the scope of this appeal.  (*Silver v. Pacific American Fish Co., Inc.* (2010) 190 Cal.App.4th 688, 693 ["A postjudgment order which awards or denies costs . . . is separately appealable[,]" "and if no appeal is taken from such an order, the appellate court has no jurisdiction to review it"].)

Even assuming this court had jurisdiction to review Titus's arguments regarding costs, we would reject them for several reasons.  We begin by noting that " 'filing a notice of appeal does not stay any proceedings to determine the matter of costs and does not prevent the trial court from determining a proper award of attorney fees claimed as costs.' " (*Korchemny v. Piterman* (2021) 68 Cal.App.5th 1032, 1052.)  For this reason, Titus's contention that the trial court could not award costs to Sanwa after Titus filed his notice of appeal is without merit.

Furthermore, it appears that Titus's arguments regarding the trial court's award of costs are moot.  While it is not entirely clear, the case register appears to indicate that although the trial court entered an amended judgment reflecting the costs awarded, the court later vacated that amended judgment because this appeal was pending.  Titus cannot challenge an amended judgment that was ultimately vacated.

Lastly, even assuming Titus's arguments regarding costs were not moot and this court had jurisdiction to consider them, Titus has not provided an adequate record to satisfy his burden of demonstrating that the trial court's costs award was erroneous.[2]

---

[2]    With respect to the award of costs, the record contains two documents: Titus's motion to disallow improperly claimed costs

For these reasons, we reject Titus's contentions regarding the trial court's award of costs.

### III. Titus's argument that he was denied notice and due process is unavailing

Titus lastly argues that the judgment and post-judgment orders are void because Sanwa and the clerk of the Court of Appeal mis-served critical filings, denying him notice and due process. Titus raises two separate contentions in this regard. First, he asserts that he was not served with the notice of filing of notice of appeal. Titus is mistaken. That document is contained in the appellate record, and the certificate of service includes Titus.

Titus's second argument is that his rights were violated because various documents were served to an outdated address after "jurisdiction had transferred to the Court of Appeal and while [Titus] was no longer represented." Under California Rules of Court, rule 2.200, "[a]n attorney or self-represented party whose mailing address, telephone number, fax number, or e-mail address (if it was provided under rule 2.111(1)) changes while an action is pending must serve on all parties and file a written notice of the change." It is unclear from the record whether Titus complied with this rule when he purportedly changed addresses. What is clear, however, is that the limited record before us does not affirmatively demonstrate that Titus's rights to notice and

---

and Sanwa's opposition to Titus's motion. Titus omits Sanwa's memorandum of costs and also the trial court's ruling on Titus's motion.

6

due process were violated by the trial court or Sanwa.  We therefore reject Titus's contentions.

### DISPOSITION

The judgment is affirmed.  Sanwa is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


TAMZARIAN, J.

We concur:


ZUKIN, P. J.


MORI, J.