Filed 5/20/26  The Versailles Homeowners Assn. v. Steinbrecher CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE VERSAILLES HOMEOWNERS ASSOCIATION,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROSEMARY C. STEINBRECHER,<br><br>    Defendant and Appellant. | G064052<br><br>(Super. Ct. No. 30-2014-00761946)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Richard J. Oberholzer, Retired Judge. (Retired judge of the Kern County Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Rosemary C. Steinbrecher, in pro. per., for Defendant and Appellant.

Tinnelly Law Group and Carrie N. Heieck for Plaintiff and Respondent.

*          *          *

This more than a decade old case has its origins in a dispute between the Versailles Homeowners Association (the HOA) and the now-deceased owner and the occupant of a condominium unit located within the purview of the HOA. Defendant Rosemary C. Steinbrecher, a longtime occupant of the unit, purports to appeal from a variety of matters, including a default judgment entered more than one year before the filing of her notice of appeal and a subsequent order granting attorney fees to the HOA as the prevailing party in the litigation. Because Steinbrecher's opening brief asserts no error in the attorney fees order, which is the only order from which she timely appealed, we affirm the order.

FACTS

In December 2014, the HOA filed a verified complaint against Steinbrecher and her mother, Rosemary Rolfes, alleging violations of covenants, conditions, and restrictions (CC&Rs), and a continuing nuisance. Among the relief sought was damages, declaratory and injunctive relief, and attorney fees.

According to the complaint, Rolfes owned the unit and Steinbrecher was its sole occupant. Needing to inspect and perform structural repairs to common area walls and a balcony accessible through the unit, the HOA communicated with Steinbrecher and Rolfes for roughly one year about getting their cooperation to allow the HOA's contractors to access the necessary spaces. Although Steinbrecher initially allowed the contractors inside the unit, the contractors were unable to access the necessary spaces due to furniture blockage and three-to-four-foot high "piles of hoarded items."

2

Thereafter, the HOA unsuccessfully attempted through multiple avenues to get Steinbrecher and Rolfes to clean the unit so contractors could have unobstructed access. With no resolution, the HOA filed suit.

Within the weeks following the complaint's filing, the trial court granted the HOA a temporary restraining order and preliminary injunctive relief so it could complete the necessary work. In response to the former, Steinbrecher requested the court "reconsider and rescind" the temporary relief and decide all matters at the order to show cause hearing concerning the preliminary injunction. She also requested the court declare the order granting temporary relief void. The court denied both requests. At the preliminary injunction hearing, Steinbrecher appeared on her own behalf.

In January 2020, the HOA requested, and the court entered, default against Steinbrecher with respect to the then-operative HOA complaint. A year and a half later, the same was entered against Rolfes' estate, as Rolfes had passed away. And in April 2022, Steinbrecher's then-operative cross-complaint was dismissed with prejudice after the court granted terminating sanctions against Steinbrecher for multiple violations of court orders concerning discovery.

In February 2023, a little more than three years after default was entered against Steinbrecher, the court denied a motion by her to "'[r]econsider [d]efaults in [l]ight of [n]ew [e]vidence and [j]urisdictional [i]ssues.'" Roughly six weeks later, the court entered a default judgment against Steinbrecher and Rolfes' estate. Although a proposed judgment had included an award of attorney fees to the HOA, the judgment signed by the court stated the HOA could seek attorney fees through a subsequent motion.

The HOA filed a motion for prevailing party attorney fees pursuant to Civil Code section 5975, seeking roughly $400,000 in fees and

costs. In March 2024, the court held a hearing on the motion, after which it granted the requested fee award. In doing so, it found the HOA was the prevailing party in whose favor a permanent injunction was entered. It further concluded the hours expended over the seven year span for which fees were sought, as well as the hourly rates, were reasonable. However, because the HOA did not file a memorandum of costs, the court denied the approximately $31,500 costs request.

In April 2024, Steinbrecher filed a notice of appeal indicating she was appealing from a judgment or orders entered on "3/19/24, 3/30/23, 2/14/23, 7/30/19, 4/9/18, 3/29/18, 3/18/18[,] and all related orders."

## DISCUSSION

"'A timely notice of appeal vests jurisdiction in the Court of Appeal. [Citations.]' [Citation.] 'The time for appealing a judgment [or appealable order] is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal. [Citation.]' . . . 'The latest possible time within which a notice of appeal must be filed is 180 days after entry of judgment or entry of an appealable order.'" (*Annette F. v. Sharon S.* (2005) 130 Cal.App.4th 1448, 1454; see also Cal. Rules of Court, rule 8.104.)

Here, the only trial court action listed in the notice of appeal that falls within the 180-day period before the notice was filed is the postjudgment order awarding the HOA attorney fees. Accordingly, that is the only order over which we have jurisdiction. (See *Silver v. Pacific American Fish Co., Inc.* (2010) 190 Cal.App.4th 688, 693 [order on motion for attorney fees after entry of final judgment is separately appealable postjudgment order].) The attempted appeal from the March 2023 default judgment against

4

Steinbrecher and Rolfes' estate, the February 2023 denial of Steinbrecher's motion to reconsider defaults, and the other orders are all untimely.[1]

Turning to the attorney fees issue, Steinbrecher makes no argument in her opening brief about it. Indeed, she does not even mention that the trial court awarded the HOA attorney fees. Instead, to the best we understand her arguments, she contends the trial court entirely lacked jurisdiction over her, Rolfes, and Rolfes' estate in this lawsuit, due to a purported lack of service and "'fraud on the court'" related thereto.

It is a "cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) In addition, basic tenets of appellate practice, which apply equally to those who are self-represented (see *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985), are that (1) failure to develop an argument forfeits a claim of error and (2) matters raised for the first time in a reply brief are generally deemed forfeited. (See *Los Angeles Unified School Dist. v. Torres Construction Corp.* (2020) 57 Cal.App.5th 480, 497; *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277; *Aptos Council v. County of Santa Cruz* (2017) 10 Cal.App.5th 266, 296, fn. 7.)

In the absence of any argument about error in the court's grant of attorney fees to the HOA, we presume the court acted correctly. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

---

[1] Steinbrecher previously filed notices of appeal concerning the non-appealable entry of default and the appealable filing of the default judgment. The former was dismissed by this court after she failed to file a civil case information statement and was notified of her default. The latter was dismissed when she failed to file an opening brief after being given an additional 229 days to do so.

## DISPOSITION

The order is affirmed. Respondent is entitled to costs on appeal.


DELANEY, J.


WE CONCUR:


MOORE, ACTING P. J.


SCOTT, J.